*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, GANNON, and HARRELL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Roneshia L. REDMOND**
Damage Controlman First Class Petty Officer (E-6), U.S. Navy
*Appellant*

**No. 202300130 (f rev)**

_____

Decided: 11 June 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary
*upon further review following remand from*
*The Court of Appeals for the Armed Forces*

Military Judge:
Justin R. McEwen

Sentence adjudged 1 March 2023 by special court-martial tried at Naval Support Activity Souda Bay, Greece, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-5 and forfeiture of $1,000.00 pay per month for three months.

For Appellant:
*Lieutenant Zoe R. Danielczyk, JAGC, USN*

For Appellee:
*Lieutenant Michael A. Tuosto, JAGC, USN*

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

This case is before us a second time. A military judge convicted Appellant, contrary to her pleas, of one specification of willful disobedience of a petty officer in violation of Article 91, Uniform Code of Military Justice (UCMJ).[1] Appellant filed a timely appeal raising a single assignment of error: whether the evidence is factually insufficient to support her conviction.[2] We found no prejudicial error and affirmed.[3]

The United States Court of Appeals for the Armed Forces summarily set aside our decision and returned the record of trial to the Judge Advocate General of the Navy for remand to us to conduct a new factual sufficiency review consistent with its decision in *United States v. Harvey*[4] and Article 66.[5] Applying the appropriate standard from those authorities, we again affirm Appellant's conviction for willful disobedience of a petty officer.[6]

After careful consideration of the record and briefs of appellate counsel we have determined that the findings and sentence are correct in law and fact and

---

[1] Article 91, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 891.

[2] Appellant raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] *United States v. Redmond*, No. 202300130, 2024 CCA LEXIS 326 (N-M. Ct. Crim. App. Aug. 6, 2024) (per curiam), *set aside*, No. 25-0003/NA, __ M.J. __, 2024 CAAF LEXIS 752 (C.A.A.F. Nov. 25, 2024) (mem.).

[4] *United States v. Harvey*, 85 M.J. 127 (C.A.A.F. 2024).

[5] 10 U.S.C. § 866.

[6] Appellant stated, "This is me leaving" in response to an order from a gate guard to the effect that "you can't leave." And then she left. R. at 253-54. We find this frank exchange to be dispositive of this issue.

that no error materially prejudicial to Appellant's substantial rights occurred.[7] However, we note that the Entry of Judgment is deficient in two respects. First, it does not adequately summarize each specification referred to trial as required by Rule for Courts-Martial (R.C.M.) 1111(b)(1)(A) and *United States v. Wadaa.*[8] Second, it does not reflect the findings for the charges referred to trial, but only that of the specifications. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of her proceeding.[9] In accordance with R.C.M. 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[7] 10 U.S.C. §§ 859, 866.

[8] *United States v. Wadaa*, 84 M.J. 652, 655 (N-M. Ct. Crim. App. 2024).

[9] *United States v. Sutton*, 81 M.J. 677 (N-M. Ct. Crim. App. 2021); *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202300130 |
| v. | **ENTRY OF JUDGMENT** |
| **Roneshia L. REDMOND**<br>**Damage Controlman First Class**<br>**Petty Officer (E-6)**<br>**U.S. Navy** | *As Modified on Appeal* |
| *Accused* | **11 June 2025** |

On 1 March 2023, the Accused was tried at Naval Support Activity Souda Bay, Greece, by special court-martial consisting of a military judge sitting alone. Military Judge Justin R. McEwen presided.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 91, Uniform Code of Military Justice, 10 U.S.C. § 891.**

 *Plea:* Not Guilty.
 *Finding:* Guilty.

**Specification 1:** **Willfully disobeying the lawful order of a petty officer to submit to a breath analysis on or about 10 December 2022.**

 *Plea:* Not Guilty.
 *Finding:* Dismissed without prejudice.

**Specification 2:** **Willfully disobeying the lawful order of a petty officer to not drive away from the Entry Control Point on or about 10 December 2022.**

 *Plea:* Not Guilty.
 *Finding:* Guilty.

**Charge II:** **Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

> *Plea:* Not Guilty.
>
> *Finding:* Not Guilty.

**Specification:** **Failure to obey other lawful order, NAVSUPPACTSOUDABAYINST 5560.2, by refusing to submit to a breath analysis on or about 10 December 2022.**

> *Plea:* Not Guilty.
>
> *Finding:* Not Guilty.

## SENTENCE

On 1 March 2023, the military judge sentenced the Accused to the following:

**Reduction to pay grade E-5.**

**Forfeiture of $1,000 per month for three months.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court